**U.S. District Court**
**Eastern District of Virginia**
**Norfolk Division**

**Newport News Shipbuilding**
**Employees' Credit Union**
      **Appellant**

**v.**                                              **Case No. 2:07-cv-00562-WDK-FBS**

**James Sell Parson**
      **Appellee**

**Brenda Marshall Parson**
      **Appellee**

**BRIEF OF APPELLEE**

## **TABLE OF CONTENTS**

Page

I.      Table of Authority   --------------------------------   4

II.     Statement of the Case    --------------------------   4

III.    Statement of Facts   -------------------------------   4

IV.     Summary of the Argument   -------------------------   13

V.      Argument   ----------------------------------------   13

VI.     Conclusion   -------------------------------------   24

VII.    Certificate    -----------------------------------   25

## Table of Authority

A. Cases Cited

- In re Hardy, 209 B.R. 371, 374
  (Bankr. E.D. Va 1997) (citing In re Winburn,
  196 B.R. 894, 897 (Bankr. N.D. Fla. 1996))        13

- In Re: Andrew C. Shelton, 201 B.R. 147
       (Bankruptcy E.D. Virginia 1996)    13,14,15,22,24

- In Re: Tyler, 27 B.R. 289 Bankruptcy E.D.
  Virginia 1983                                      13

- In Re: Herbert M. Collins, In Re:
  Uwandolyn Blackwell Collins, 173 F.3d 924
  (4th Circuit Court of Appeals 1999)               15

- In Re: Douglas C. Plumlee, 236 B.R. 606
  (U.S. District Court, E.D. Virginia,
  Norfolk Division, 1999)                          16,17

- In Re: Vernon Sutton, 10 B.R. 737
  (Bankruptcy, E.D. Virginia, Alexandria
  Division, 1981)                                  18,19

- Vincent Cusano vs. Gene Klein, et als,
  264 F.3d 936 (9th Cir. 2001)                     20,21

- In re McGowan, 95 B.R. 104, 106
  (Bankr. N.D. Iowa 1988)                           21

- In re DeVore, 223 B.R. 193, 197
  (B.A.P. 9th Cir. 1998)                            21

- In re Ozer, 208 B.R. 630, 633
  (Bankr. E.D.N.Y. 1997)                            21

- In re Adair, 253 B.R. 85, 89
  (B.A.P. 9th Cir. 2000)                            21

- In re Allison Marie Jordan
  356 B.R. 651 (E.D. Virginia 2006)                 21

- (In re Thompson-Mendez), 321 B.R. 814, 818-19 (Bankr.D.Md.2005) (citing In re Henderson, 245 B.R. 449, 454 (Bankr. S.D.N.Y.2000))   22

- (In re Baltrotsky), No. Civ. A DKC2004-2643, 2004 WL 2937537, at *4 (D. Md. Dec. 20, 2004) (quoting Assocs. Fin. Servs. Corp. v. Cowen (In re Cowen), 29 B.R. 888, 894 (Bankr. S.D. Ohio 1983))   23

- In re Studio Five Clothing Stores, Inc., 192 B.R. 998, 1006 (Bankr. C.D. Cal.1996) (quoting Grimes v. United States (In re Grimes), 117 B.R. 531, 536 (B.A.P. 9th Cir. 1990)   23

- Bateman v. Grover (In re Berg), 45 B.R. 899, 903 (B.A.P. 9th Cir. 1984);   23

- In re Rose, No. 01-49703, 2007 WL 2915229, at *2 (Bankr. W.D. Wash. June 7,2007) (citing In re Berg, 45 B.R. at 903;   23

- In re Sanchez-Dobazo, 343 B.R. 742, 745-46 (Bankr. S.D. Fla. 2006)   23

B.   Statutes

- Federal Rules of Bankruptcy Procedure, Rule 5009 and Rule 5010   20,24

**United States Bankruptcy Court**
**Eastern District of Virginia**
**Norfolk Division**

In Re:    James Sell Parson Case           # 01-73786-SCS
          Brenda Marshall Parson                      Chapter 7
                    Debtors

### Debtors' Reply Brief

*Statement of the Case*

This matter came before the Court upon the Motion to Reopen filed on August 8, 2007, by Newport News Shipbuilding Employees' Credit Union, by counsel, the Appellant herein.

After a hearing conducted on October 18, 2007, the Court found that the Motion to Reopen should be denied. The Court later supplemented that ruling with a Memorandum Opinion entered on November 6, 2007.

*Statement of the Facts*

Mr. and Mrs. Parson, the Appellees herein, filed their petition under Chapter 7 of the Bankruptcy Code on November 3, 2001. Charles L. Marcus was appointed to serve as Chapter 7 Trustee of the bankruptcy case. In their schedules, Appellees listed among their assets real residential property located in Smithfield, Virginia, ("the Property") with Mr. Parson was listed as the owner of the real property. Mr. Parson placed a current market value of $100,100.00 on the Property as of the date of the filing of the petition. The Property was scheduled as subject to a security interest in favor of Washington Mutual Finance with a

secured claim in the amount of $112,000.00. Mr. Parson also claimed an exemption of $1.00 in the Property pursuant to Virginia Code Section 34-4. On their Chapter 7 Individual Debtor's Statement of Intention, Appellees listed their intent to retain the Property, noting that the debt would be reaffirmed pursuant to 11 U.S.C. § 524(c).

On December 17, 2001, the Chapter 7 Trustee filed a Trustee Report of No Distribution in which he certified he had performed the duties required under Section 704 of the Bankruptcy Code and concluded that there were no assets to administer for the benefit of Appellee' creditors.

Appellees received their Chapter 7 discharge on February 22, 2002. The case was closed on March 5, 2002, and the Chapter 7 Trustee was discharged from his duties in the case.

On October 6, 2006, Appellees filed a Motion to Reopen their Chapter 7 case to allow them to file a Motion to Avoid a Judicial Lien against Newport News Shipbuilding Employees' Credit Union ("Appellant"). Specifically, Appellees alleged that they had searched for liens against the Property at the time of filing, but that unknown to them, Appellant had recorded a judgment obtained in Newport News General District Court against the Property, located in Isle of Wight County, Virginia, nine months prior to filing. Appellees further alleged that Appellant had filed, on May

11, 2004, an action in the Circuit Court for the County of Isle of Wight, Virginia, based on the docketed judgment.

The hearing on Appellees' Motion to Reopen was held on December 14, 2006. The Court granted the Motion to Reopen upon the condition that Appellees file an action to remove the lien within thirty days.

On January 18, 2007, Appellant filed a Motion to Dismiss with Prejudice, which sought the dismissal of Appellees' bankruptcy case with prejudice for the failure to timely submit a proper order regarding their Motion to Reopen and for the failure to timely file the appropriate lien avoidance pleading as ordered by the Court.

On January 29, 2007, Appellees filed a response to Appellant's Motion to Dismiss with Prejudice. In their response, Appelles admitted certain allegations, denied others, and requested that Appellant's motion be denied. Also on January 29, 2007, Appellees filed a Motion to Avoid Lien, asserting that Appellant's judicial lien should be avoided pursuant to 11 U.S.C. § 522(f) because it impaired the exemptions claimed in the Property. Appellant filed a response to the Motion to Avoid Lien on February 7, 2007, admitting certain allegations and denying others. Appellant asserted among its defenses to the motion that no allegation was made that equity in the property was insufficient to support the lien; that the motion was not timely

filed; and that laches barred such a motion. A hearing on the Motion to Avoid Lien was scheduled for March 15, 2007.

On February 22, 2007, this Court held a hearing on the Motion to Dismiss with Prejudice. Upon consideration of the pleadings and representations of counsel, the Court ordered that the order granting the Motion to Reopen should be amended to provide that Appellees file, within seven days of entry of the Amended Order Granting Motion to Reopen, any and all necessary pleadings they intended to rely upon in the course of seeking to avoid the judicial lien of Appellant or suffer dismissal of their bankruptcy case with prejudice. The Court continued the hearing on the Motion to Dismiss with Prejudice to the date and time established for the hearing on Appellees' Motion to Avoid Lien.

At the June 13, 2007, hearing, evidence in the form of documents and testimony regarding the valuation of the Property was presented by Appellees and Appellant. Appellant renewed his Motion to Strike during the course of the hearings. Upon consideration of the pleadings, evidence, and arguments, the Court found that the value of the Property at the time of filing was $159,500.00 and thus found that the Motion to Avoid Lien, as amended, should be denied. Further, the Court found that the Motion to Strike should be denied. At the conclusion of the hearing, Appellees moved for leave to convert their case to one under Chapter 13 of the Bankruptcy Code. The Court directed that

any motion to convert be filed within ten days and if filed, the Court would promptly set the matter for hearing. Appellant's Motion to Dismiss with Prejudice was mooted by the Court's rulings. The parties drafted the order memorializing the Court's ruling, which was submitted to and entered by the Court on July 5, 2007. Appelles did not file a motion to convert their case to one under Chapter 13, and on July 18, 2007, the case was once again closed.

Appellant filed a Motion to Reopen Appellees' case on August 7, 2007. Appellant asserted that under 11 U.S.C. § 363 the Chapter 7 Trustee had a duty to administer an asset of the estate as may be "compatible with the best interests of parties in interest." Thus, when Appellees chose to reopen their case for the lien avoidance proceeding, they subjected themselves to any benefits or burdens as a result of that action, and the Chapter 7 Trustee should be permitted to administer any assets available. On August 29, 2007, Appellant filed an Amended Motion to Reopen, further asserting that a Chapter 7 Trustee should be appointed in this case to administer the assets of the case.

The Court held a hearing on Appellant's Motion to Reopen on September 20, 2007. Appellant asserted that once the case was reopened, the Chapter 7 Trustee may administer any assets of the estate, including assets that the Trustee had previously abandoned. Appellant suggested that the Historical and Statutory

Notes which accompany 11 U.S.C. § 350 support this interpretation. Additionally, Appellant asserted that In re Shelton, 201 B.R. 147, 151 (Bankr. E.D. Va. 1996), holds that a Chapter 7 Trustee's ability to administer an asset of the bankruptcy estate is revived after a previously closed case is reopened.

The Appellees argued that once a case is closed, a creditor may not move to have the case reopened so that a Chapter 7 Trustee may administer an asset that was previously abandoned to the debtors. Appellees further represented to the Court that Appellee filed a Chapter 13 case on August 14, 2007, which was pending before Judge David H. Adams of this Court. Appellees' proposed Chapter 13 Plan in that case would pay, with interest, the secured portion of Appellant's claim within one year of the plan's confirmation. Finally, counsel for the United States Trustee represented to the Court that the asset at issue was properly abandoned by the Chapter 7 Trustee under 11 U.S.C. § 554, and that Appellant could not now ask the Court to reopen the case so that a trustee could be appointed to administer an asset which was previously abandoned. The Court continued the hearing until October 18, 2007, and permitted the parties to submit briefs in support of their positions.

Appellant submitted its brief on October 5, 2007, which framed the issue before the Court as whether Appellees' residence should have been administered after this Court denied Appellees'

Motion to Avoid Lien. First, Appellant argues that the plain language of 11 U.S.C. § 350 imposes no limitation upon the type of assets that may be administered after a case is reopened. Appellant further asserted that § 554(c) of the Bankruptcy Code does not contain any language to suggest that a "technical abandonment" of assets by a Chapter 7 Trustee is irrevocable, and that In re Sutton, 10 B.R. 737 (Bankr. E.D. Va. 1981)—cited by counsel for the United States Trustee at the previous hearing—does not stand for the proposition that once an asset is abandoned by a Chapter 7 Trustee, it cannot be revested in the bankruptcy estate because the Sutton Court's decision was based on Federal Rule of Civil Procedure 60, not 11 U.S.C. § 350. Appellant cites In re Shelton as well as In re Collins, 173 F.3d 924 (4th Cir. 1999), and In re Plumlee, 236 B.R. 606 (E.D. Va. 1999), as support for its position that once a case is reopened, any assets that were within the estate prior to the initial closure may be administered by a trustee.

Appellees filed a brief in response on October 16, 2007, suggesting that the issue to be decided was whether this Court has the authority to reopen Chapter 7 case in which a discharge had been issued solely for the purpose of appointing a trustee, and under what circumstances should the Court reopen a previously closed case. The Parsons argue that the Court's decision in In re Shelton has no bearing on the instant case, as the debtors in that

case purposefully concealed assets from the Chapter 7 Trustee,
while in the instant case the Chapter 7 Trustee filed a Report of
No Distribution after full and honest disclosure from Appellee.
Moreover, the Appellees argue that Appellant had ample opportunity
to move for a Chapter 7 Trustee to be appointed to administer that
estate while this case was reopened upon their Motion to Avoid
Lien. Further, Appellees argue that In re Sutton holds that once a
trustee abandons property of the estate, that property becomes
beyond the reach of the trustee. Once a Chapter 7 Trustee filed
his final Trustee Report of No Distribution—as the Chapter 7
Trustee did in Appellees' case—Federal Rule of Bankruptcy
Procedure 5009 creates a presumption that the estate of the debtor
has been fully administered. Finally, Appellees state that any
action which Appellant seeks to pursue against the should be
carried out in the currently pending Chapter 13 case, where the
Chapter 13 Plan proposes pay the secured potion of Appellant's
claim.

The Court held the continued hearing on Appellant's Motion to
Reopen on October 18, 2007. At the hearing, the Office of the
United States Trustee represented that the Chapter 7 Trustee
properly abandoned the property to Appellees, and that upon the
reopening of a case property previously abandoned by the Chapter 7
Trustee is not revested in the estate. Upon consideration of the
parties' briefs and the arguments presented at the continued

hearing, for reasons stated from the bench, the Court denied Appellant's Motion to Reopen the case. At the conclusion of the hearing, Appellant reserved its right to appeal the Court's decision.

The Court entered an Order Denying Motion to Reopen on October 19, 2007. Counsel for Appellant filed a Notice of Appeal with the Court on October 26, 2007.

### Summary of the Argument

Appellant has the burden to demonstrate there is a sufficient legal basis to reopen the case.  In re Hardy, 209 B.R. 371, 374 (Bankr. E.D. Va 1997) (citing In re Winburn, 196 B.R. 894, 897 (Bankr. N.D. Fla. 1996)).  In this case, the Chapter 7 trustee found and reported there were no assets to be administered, and the motion to reopen is futile as the relief sought by the appellant may not be granted, and so must be denied.

### Argument

Creditor cites three cases in support of its Brief:

### In Re: Andrew C. Shelton
### 201 B.R. 147 (Bankruptcy E.D. Virginia 1996)

The Shelton case, which involved serial bankruptcy filings by, first, the husband and, second, the wife, both of whom sought to protect their tenancy by the entirety property by filing two separate bankruptcies, similar to the Tyler case (In Re: Tyler, 27 B.R. 289 Bankruptcy E.D. Virginia 1983) cited by the Shelton

Court, is easily distinguishable from the instant case in that, first, the Parsons filed, not two serial bankruptcies, but one joint bankruptcy, second, the property at the time of the filing of the instant case was not held as tenants by the entirety, and, third, there was clearly no effort on the part of Mr. and Mrs. Parson to shield the property, deceive the creditors or engage in the kind of procedural impropriety in which both the Sheltons and their substantive predecessors, the Tylers, brazenly engaged.

The Parson case was noticeably absent any such element of deceitfulness. It was a simple, straightforward Chapter 7 bankruptcy and the Trustee appointed in the case was one of the finest and most capable on the Court's panel of Trustees. Mr. Marcus duly exercised his duties and concluded, under the law and standards of practice of the day, to abandon his interest in the Parson property, the parties received a discharge, and the matter rested at that.

In the Shelton case, Mrs. Shelton's Chapter 7 Trustee, Kevin L. Phillips, filed a motion to reopen her husband's case, filed 19 months earlier on the theory that "the existence of tenancy by the entirety property in the Sheltons' bankruptcy estates, combined with (emphasis added) the serial nature of the Sheltons' bankruptcy petitions, establish(ed) sufficient 'cause' to reopen Mr. Shelton's bankruptcy case."

To which the Court responded, in its "Conclusions of Law," "It is well settled in the Fourth Circuit that permitting Debtors to harbor and protect tenancy by the entirety property from their joint creditors by filing serial individual bankruptcies may represent a legal fraud upon the Debtors' joint creditors...Moreover, it is equally well settled that it is within the discretion of the Court to find this potential 'legal fraud' a sufficient cause to reopen a closed bankruptcy case. Reid, 304 F.2d at 355."

Quite clearly, there was no evidence of this essential element of the Shelton Court's analysis present in the Parson case, nor do the facts of this case fit the analysis of Shelton.

**In Re: Herbert M. Collins**
**In Re: Uwandolyn Blackwell Collins**
**173 F.3d 924 (4th Circuit Court of Appeals 1999)**

Like the Shelton case, the Collins case is easily distinguishable from the instant case. The Collins, having filed bankruptcy in 1990, endeavored, successfully, to reopen their case in order to determine the dischargeability of certain judgments obtained by the Commonwealth of Virginia against Mr. Collins for forfeited bail bonds.

It is cited by Newport News Shipbuilding Employees' Credit Union in support of the proposition that the Court has the power to reopen by virtue of its jurisdiction over Debtors and their estates, to which Debtors response is:

Of course, it does, provided the facts and circumstances justify it.

The instant case has nothing, literally nothing in common with the Collins Debtors, save the fact that the Collinses were Debtors and the Parsons were Debtors.

**In Re: Douglas C. Plumlee**
**236 B.R. 606 (U.S. District Court, E.D. Virginia, Norfolk Division, 1999)**

Creditor advances the Plumlee case in support of the proposition that a cause of action Debtor "owned" at the time of his bankruptcy, which generated monetary proceeds after the case was closed, should be reopened to administer the asset.

There are two things wrong with Creditor's analogy. First, there was nothing in the Plumlee record indicating the asset was even scheduled and the District Court stated the Trustee "took no interest in the lawsuit," clearly implying that it may not have been scheduled. Yet the Creditor argues that the case supports the proposition that a Court may reopen a bankruptcy case to administer "scheduled assets."

Second, the asset the Trustee in Plumlee went after was based upon a cause of action rooted in activities of the Debtor prior to the filing of his bankruptcy petition. Although the same was true of the Parson real estate, the distinguishing fact is that the former Trustee, Alexander P. Smith, in the Plumlee case had "abandoned," so to speak, his interest in the lawsuit after he was

16

no longer Trustee, in other words, after he no longer had authority to do so. That was the Achilles Heel of the Plumlee Debtor's case.

In the instant case, nothing was hidden from the Trustee and the Trustee made his decision, while he had authority to do so, based upon schedules, testimony and facts fairly set before him and open for the whole world, including Newport News Shipbuilding Employees' Credit Union, to see, object to, pontificate about, or take whatever action deemed necessary and desirable. They all had plenty of time to do it before the case was closed the first time on March 5, 2002.

In fact, if the Newport News Shipbuilding Employees' Credit Union and its Counsel had desired to bring this matter before the Court for the Court to determine this same question now before it, the Creditor had ample opportunity between July 5, 2007, and July 18, 2007, to do so. Yet Creditor deliberately chose not to and now want this Court to yet again reopen the 2001 case, whilst a Chapter 13, of which the Court can take judicial notice (Case # 07-71768-DHA,) filed by the primary Debtor, is pending before this Court, which Chapter 13 would fully pay, in a year and a half or less, the secured claim of Newport News Shipbuilding Employees' Credit Union, together with the judgment rate of interest. As a matter of fact, the Court can also take judicial notice that

Newport News Shipbuilding Employees' Credit Union has filed two proofs of claim in that bankruptcy, Claim # 1-1 and Claim # 2-1.

In the brief filed by Counsel for Newport News Shipbuilding Employees' Credit Union, Counsel said, "It was the Parsons who moved this Court to return their estate to the Court's jurisdiction. It was the Parsons who then moved the Court to determine the value of their real estate." To which it seems legitimate to respond: and Newport News Shipbuilding Employees' Credit Union chose to sit idly by while the case was closed again.

Why should the Court, given the Creditor's failure to raise the issue while the case was yet still open and the file warm, reopen the case now, especially since the Chapter 13, which would resolve their claim, is currently pending? To that, there seems to be no viable answer from the Creditor.

In the last hearing before this Honorable Court, the U.S. Trustee, by its Counsel, Cecelia A. Weschler, Esquire, appeared, arguing that the case of In Re: Vernon Sutton, 10 B.R. 737 (Bankruptcy, E.D. Virginia, Alexandria Division, 1981) is dispositive of the instant case.

Debtors agree with the esteemed Counsel for the U.S. Trustee.

The Sutton case stands four square for the proposition that "It is a principle of uniform application that once an asset of the estate has been abandoned by the Trustee, it is no longer part

of the estate and is effectively beyond the reach and control of the Trustee."

The <u>Sutton</u> Court rightly said, "There are but two principal exceptions to the above-referenced rule of irrevocability of abandonment under applicable law. Property will not be deemed to have been abandoned by the Trustee where it was actually concealed from him or where his knowledge of the existence of the property was one of mere suspicion, which engendered only a cursory investigation. The rule also is not applicable in those situations where the property is unscheduled by the Debtor, thus preventing the Trustee from having 'knowledge, or sufficient means of knowledge, of its existence.'"

Full Disclosure is exactly what the Debtors in the instant case did from the very beginning in 2001.

The Chapter 7 Trustee in 2001 performed his duties in timely and competent fashion. Mr. Marcus gave the matter mature and complete consideration and, in the context of the schedules, facts, actions and inactions of the creditors, demeanor and testimony of the Debtors and overall thorough review of the case, arrived at the, until now, unquestioned decision that the property should be abandoned and the Parson bankruptcy treated as a "no asset" case.

On December 13, 2001, the First Meeting of Creditors was held and four days later, on December 17, 2001, the Trustee Report of

No Distribution was filed, totally unchallenged by Newport News Shipbuilding Employees' Credit Union or any other creditor or party in interest.

### Rule 5009 and Rule 5010
### Federal Rules of Bankruptcy Procedure

If a Trustee's final report and final account, in this case the Trustee Report of No Distribution, has been filed certifying that the estate has been fully administered, without objection within 30 days of the filing of that report, Rule 5009 creates a presumption that the estate has been fully administered.

Rule 5010 states that a case may be reopened pursuant to § 350(b) of the Bankruptcy Code but that a Trustee "shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case."

The Creditor has neither overcome the presumption created by Rule 5009 nor given the Court persuasive fact or argument that the "interests of creditors and the debtor" were not adequately protected in this case nor that further administration of the instant case is necessary or desirable.

### Other Pertinent Cases

Two other cases the Court should consider are:

### Vincent Cusano vs. Gene Klein, et als
### 264 F.3d 936 (9th Cir. 2001)

Cusano, interestingly, involved the rock group Kiss, and stands for the proposition, as argued above, that the Court cannot and should not reopen a bankruptcy, regardless of any increase in value of the asset, once it has been abandoned without objection. In a thorough analysis, the 9th Circuit held:

"Generally, 'mistakes in valuation will not enable a trustee to recover an abandoned asset,' Hutchins, 67 F.3d at 44, not even upon "subsequent discovery that the property has a greater value than previously believed." In re McGowan, 95 B.R. 104, 106 (Bankr. N.D. Iowa 1988); In re DeVore, 223 B.R. 193, 197 (B.A.P. 9th Cir. 1998) (recognizing the 'general rule that abandonment is irrevocable'). Revocation of abandonment is appropriate, however, where 'the trustee is given incomplete or false information of the asset by the debtor, thereby foregoing a proper investigation of the asset.' **In re Ozer**, 208 B.R. 630, 633 (Bankr. E.D.N.Y. 1997); In re Adair, 253 B.R. 85, 89 (B.A.P. 9th Cir. 2000); In re DeVore, 223 B.R. at 198. The cases that contemplate such action, however, indicate that the revocation may be effected only by express order after the reopening of the bankruptcy case. See, e.g., In re Ozer, 208 B.R. at 631; In re Adair, 253 B.R. at 88-89; In re DeVore, 223 B.R. at 198."

**In re Allison Marie Jordan**
**356 B.R. 651 (E.D. Virginia 2006)**

In this case, Judge Adams analyzed abandonment of assets by the Trustee and enumerated the three ways such abandonment could occur.

"The Code makes it abundantly clear that there are only three ways in which property of the estate can be abandoned: 'i) the trustee can serve a notice of abandonment or obtain an order for abandonment; [ii]) a party in interest can compel the trustee to abandon the [property]; or, i[ii]) the trustee can abandon though inaction and the closing of the case.' Thompson-Mendez v. St. Charles at Olde Court Partnership, LLC, et al. (In re Thompson-Mendez), 321 B.R. 814, 818-19 (Bankr.D.Md.2005) (citing In re Henderson, 245 B.R. 449, 454 (Bankr. S.D.N.Y.2000)), In re Shelton, 201 B.R. 147, 154 (Bankr.E.D.Va.1996)(listing the three ways in which property of the estate can be abandoned and holding that the "technical abandonment" found in § 554(c) can be modified or revised by the court under certain circumstances). In the instant case none of these three processes have occurred; no notice of or order for abandonment has been entered on the Court's docket, no party in interest has moved to compel the trustee to abandon the property, and the case remains open meaning that the third process could not have occurred as a matter of law as it only applies to closed cases. Therefore, the Court finds that the trustee did not abandon the real property; the trustee retained

his interest in the property for the benefit of the estate and the creditors."

*Single Estate Rule*

The "single estate rule" holds that "a debtor cannot maintain simultaneous bankruptcy cases because '[a] debtor possesses only one estate for purposes of trusteeship.'" Baltrotsky v. K. H. Funding, Inc. (In re Baltrotsky), No. Civ. A DKC2004-2643, 2004 WL 2937537, at *4 (D. Md. Dec. 20, 2004) (quoting Assocs. Fin. Servs. Corp. v. Cowen (In re Cowen), 29 B.R. 888, 894 (Bankr. S.D. Ohio 1983)). Under this rule, "'property cannot be an asset of both estates simultaneously.'" See In re Studio Five Clothing Stores, Inc., 192 B.R. 998, 1006 (Bankr. C.D. Cal.1996) (quoting Grimes v. United States (In re Grimes), 117 B.R. 531, 536 (B.A.P. 9th Cir. 1990) (original alteration omitted)); see also Bateman v. Grover (In re Berg), 45 B.R. 899, 903 (B.A.P. 9th Cir. 1984); In re Rose, No. 01-49703, 2007 WL 2915229, at *2 (Bankr. W.D. Wash. June 7, 2007) (citing In re Berg, 45 B.R. at 903; In re Sanchez-Dobazo, 343 B.R. 742, 745-46 (Bankr. S.D. Fla. 2006).

Reopening the Parsons' Chapter 7 Case would violate "the single estate rule" by having the Property of the Parsons as an asset in the Chapter 7 Case and the Chapter 13 Case simultaneously.

This would be particularly egregious here where the appellant herein has not in any way challenged the continuation of the

Chapter 13 Case and has failed to move to dismiss the Chapter 13 Case or object to confirmation of the Chapter 13 Plan of the Parsons.

*Conclusion*

Considering all the foregoing, therefore, the matter, as measured by the <u>Sutton</u> Court's ruling, should be at an end and the Creditor can easily pursue its own interests in that currently pending Chapter 13 referenced above.

The answers to the questions presented are:

To the first question, clearly, yes, the Court has authority to reopen a case, but only if the facts and circumstances justify it. In this case, there is nothing to indicate that the Trustee failed to used sound discretion or fully investigate the assets and liabilities of the Debtors at the time. Once he filed his Report of No Distribution, the real estate and all other assets of the Debtors were technically abandoned. Once abandoned and the case completed without objection, per Rule 5009, a presumption of validity is in place. The Creditor has not overcome that presumption.

To the second question, the answer is, also clearly, no. The Creditor has failed to show any substantive reason to reopen the case to set that abandonment aside or, in any way, further administer the case.

James Sell Parson

                                        Brenda Marshall Parson
                                                    by Counsel


                                        /s/ Glenn R. Tankersley
                      Glenn R. Tankersley, for Steve C. Taylor


### Certificate of Service

    I hereby certify that on the ____ day of _____, 2008,
I will electronically file the foregoing with the Clerk of Court
using the CM/ECF system, which will then send a notification of
such filing (NEF) to the following:

Debera F. Conlon, Esquire              Raymond B. Bacon, Esquire
Assistant United States Trustee        Quadros & Associates, P.C.
Office of the United States Trustee    2715 Huntington Avenue
200 Granby Street, Room 625            Newport News, VA  23607
Norfolk, VA 23510


Charles L. Marcus, Esquire             James Sell Parson
Marcus, Santoro & Kozak, P.C.          Brenda Marshall Parson
1435 Crossways Boulevard, Suite 300    13175 Track Lane
Chesapeake, VA 23320                   Smithfield, VA 23430


                                        /s/
                      ------------------------------
                      Glenn R. Tankersley
                      Virginia Bar Number 16061
                      Counsel for James S. Parson
                      And Brenda Marshall Parson
                      Law Offices of Steve C. Taylor
                      133 Mount Pleasant Road
                      Chesapeake, VA  23322
                      Phone:  757-482-5705
                      Fax:  757-546-9535
                      familylaw@call54legal.com